IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ANTHONY RYAN GREEN,

    Petitioner,

v.

    Case No. 21-CV-301-JFH-KEW

RANDY HARDING, Warden,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner Anthony Ryan Green's ("Green") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Green is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma. He is attacking his conviction in Muskogee County District Court Case No. CF-2017-540 for two counts of Second Degree Burglary, raising the following grounds for relief:

> Claim One: The District Court of Muskogee County lacks jurisdiction. This land is under tribal jurisdiction, Muskogee Nation.
>
> Claim Two: D.A. withheld exculpatory evidence in regard to State lacking subject matter jurisdiction.
>
> Claim Three: The August 12, 2021, *Matloff v. Wallace* order from the OCCA goes against my constitutional right to due process.

Dkt. No. 1 at 5-10.

Respondent has filed a motion to dismiss the petition as time-barred, or in the alternative, for failure to exhaust necessary state remedies and based on the *Younger* abstention doctrine. Dkt. No. 6. Respondent asserts that because Green failed to file his petition within the one-year statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified

at 28 U.S.C. § 2244(d)(1), the petition is untimely. Green has not filed a response to Respondent's motion to dismiss.

The following records have been submitted to the Court for consideration in this matter:

A.  Green's Judgment and Sentence filed on September 6, 2019, in Case No. CF-2017-540.  Dkt. No. 7-1.

B.  Green's application to revoke suspended sentence, filed on April 2, 2020, in the Muskogee County District Court.  Dkt. No. 7-2.

C.  Order Revoking Suspended Sentence and Commitment, entered on June 15, 2020.  Dkt. No. 7-3.

D.  Docket sheet for Case No. CF-2017-540 from the Oklahoma State Courts Network.  Dkt. No. 7-4.

**I.  Background**

On September 6, 2019, Green pleaded guilty to two counts of Second Degree Burglary in Case No. CF-2017-540 and was sentenced to concurrent suspended sentences of fifteen (15) years' imprisonment for each count.  Dkt. No. 7-4 at 7.  On June 15, 2020, after the State moved to revoke Green's suspended sentences because of new charges, the state district court fully revoked the suspended sentences and ordered him incarcerated.  Dkt. No. 7-2; Dkt. No. 7-3.

**II.  Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d):

Section 2244(d) provides that:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Green did not seek to timely withdraw his guilty pleas or seek a direct appeal to the Oklahoma Court of Criminal Appeals, and the record does not indicate he was granted a direct appeal out of time.  His convictions, therefore, became final on September 16, 2019, ten days after entry of the Judgment and Sentence.  *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051.  The statutory year began to run the next day on September 17, 2019, and it expired on September 17, 2020.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).  This habeas corpus petition, filed on September 23, 2021 [Dkt. No. 1 at 15], was untimely.

**A.  Tolling Under 28 U.S.C. § 2244(d)(2)**

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). On April 23, 2021, Green filed a post-conviction application regarding his convictions. Dkt. No. 7-4 at 8. The state district court denied Green's post-conviction application on July 21, 2022, and on September 26, 2022, the OCCA affirmed the denial of Green's post-conviction application in Case No. PC-2022-723. *See* Oklahoma State Courts Network (OSCN) at www.oscn.net.[1] Because Green did not initiate his post-conviction proceedings until after the limitation period had expired, there is no statutory tolling under § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

The state district court docket sheet indicates that after Green filed his application for post-conviction relief, he filed an application to reinstate suspended sentence or modification of sentence. The application was filed on June 30, 2022, and denied on July 21, 2022. Again, the application was filed after Green's conviction was final, so there is no tolling under § 2244(d)(2).

### B. *McGirt* and the Procedural Bars

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

Green asserts his petition is timely in light of *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020), stating, "This petitioner [sic] is based on Oklahomas [sic] lack of jurisdiction in Muskogee, Oklahoma.  From the start of my arrest and through all proceedings, this state district court should have never let this case get to this point.  It should have been prosecuted by the Muscogee Nation." Dkt. No. 1 at 14.

*McGirt*, however, makes it clear that state and federal procedural bars remain applicable to claims that might arise from the decision.  *See McGirt*, 140 S.Ct. at 2479 ("Other defendants who do try to challenge their state conviction may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings.").  Indeed, "[m]any other legal doctrines--procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored under a mistaken understanding of the law." *Id.* at 2481.  One of those "well-known" limitations, of course, is AEDPA's statute of limitations.

Furthermore, federal district courts in Oklahoma, in addressing claims relying on *McGirt*, have uniformly denied claims that the decision established a new commencement date under § 2244(d)(1)(C):

> Courts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction.  *See, e.g., Littlejohn v. Crow*, No. 18-CV-0477, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) ("But [28 U.S.C. § 2244(d)(1)(C)] does not apply because the Supreme Court did not recognize any constitutional rights in *McGirt*."), [*certificate of appealability denied*, No. 21-5060, 2021 WL 5072980 (10th Cir. Nov. 2, 2021)]; *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one"); *accord Berry v. Braggs*, No. 19-CV-0706, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020).

5

*Jones v. Pettigrew*, CIV-18-633-G, 2021 WL 3854755 * 3 (W.D. Okla. Aug. 27, 2021). Even assuming Green's claim implicates the State's exercise of "jurisdiction," this does not excuse him from section 2244(d). *See Ross v. Pettigrew*, No. 20-CV-0396-JED-CDL, 2021 WL 1535365, *3 & n.5 (N.D. Okla. Apr. 19, 2021) (unpublished) (dismissing habeas petition filed by Oklahoma prisoner, and predicated on *McGirt*, as time-barred because "the plain language of [28 U.S.C.] § 2244(d)(1) provides no exception for due-process claims challenging subject-matter jurisdiction"); *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, *2 & n.4 (N.D. Okla. Apr. 19, 2021) (unpublished) (same). Green's claim is time-barred.

### C. Impediment under 28 U.S.C. § 2244(d)(1)(B)

Green's second ground for relief alleges the district attorney "withheld exculpatory evidence in regard to State lacking subject matter jurisdiction." Dkt. No. 1 at 7. To the extent Green is attempting to invoke AEDPA's commencement date under 28 U.S.C. § 2244(d)(1)(B), which runs from the date some state-created impediment to filing is removed, his claim is meritless. Green cannot show that the State sought to prevent the discovery of his habeas claims or to prevent him from filing his claims. Because Green cannot demonstrate any impediment by the State that blocked him from advancing his claims, he cannot apply a commencement date under § 2244(d)(1)(B). In fact, almost all of the documents underlying *McGirt* had been available for more than a century before Green was convicted. *See McGirt*, 140 S. Ct. at 2460-2467 (analyzing treaties and congressional acts relevant to the Muscogee Reservation). Green's failure to inquire into the State's prosecutorial authority or conduct any legal research before *McGirt* was decided cannot be attributed to the State. Nor can he show that the State withheld knowledge that it allegedly lacked prosecutorial authority in his case. He simply cannot show that anything

prevented him from pursuing his federal claims. *See Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) ("[Petitioner's] position is unavailing because the impediment he alleges is not "State action in violation of the Constitution or laws of the United States." (citing § 2244(d)(1)(B)).

### D. Equitable Tolling

Green does not allege he is entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). After careful review, the Court finds Green has failed to meet this burden. Further, he makes no claim that he is innocent of the crimes to which he entered pleas guilty in this case. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (finding the petitioner's "plea of guilty simply undermines" his actual innocence claim.).

### III. Exhaustion of State Remedies

Respondent alleges Green cannot show that he has exhausted his state-court remedies. Under the AEDPA, a federal habeas petitioner must completely exhaust all state remedies before he is entitled to habeas corpus relief in federal court. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

7

Respondent asserted in his motion to dismiss that Green has not put his habeas issues before the OCCA, because his post-conviction action was pending when the motion was filed. On September 26, 2022, however, the OCCA affirmed the denial of Green's application for post-conviction relief in Case No. PC-2022-723. *See* OSCN. Because Green has exhausted his state remedies, Respondent's motion to dismiss this action on the basis of exhaustion is moot.

### IV. Certificate of Appealability

The Court further finds Green has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Green is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

THEREFORE, IT IS HEREBY ORDERED that Respondent's motion to dismiss time-barred petition [Dkt. No. 6] is GRANTED, and Green is DENIED a certificate of appealability.

Dated this 30th day of September 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE